UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FREDY HERNANEZ ESPINPZA,

        Petitioner,

v.                                        Case No. 2:26-cv-1258-JES-DNF

WARDEN, FLORIDA SOFT SIDE
SOUTH, et al.,

        Respondents.

_____/

### ORDER FOR SUPPLEMENTAL BRIEFING

Petitioner Fredy Hernandez Espinosa has filed a petition for writ of habeas corpus challenging the legality of his detention by immigration authorities. (Doc. 1). During his latest detention, Perez Garcia has been detained under a final order of removal since November 10, 2025. (Doc. 14 at 1).

When he filed his petition on April 20, 2026, Hernandez Espinosa's immigration detention had lasted fewer than 180 days. However, as of the date of this Order, he has been detained for more than 200 days. In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." Id. at 699. The

Zadvydas Court found it unlikely that Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." Id. at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. Id. Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention. If, after 180 days, the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must provide sufficient evidence to show otherwise. Id.

Within **FIVE (5) DAYS** from the date of this Order, Respondents must explain how (and whether) Hernandez Espinosa's removal is likely in the reasonably foreseeable future.[1] Respondents must describe in detail all efforts made to secure Hernandez Espinosa's removal. If the government is unable to establish a significant likelihood of removal in the reasonably foreseeable future,

---

[1] See 8 C.F.R. 241.13(f) ("Factors for consideration [as to whether there is a significant likelihood of removing a detained alien]. The HQPDU shall consider all the facts of the case including, but not limited to, the history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.").

Respondents shall advise the Court of whether they oppose Hernandez Espinosa's release from custody under appropriate conditions of supervision to be determined by ICE.  See 8 C.F.R. § 241.13(g)(1).

**DONE AND ORDERED** in Fort Myers, Florida on June 4, 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

3